REARICK & MEEKS, W. T. HENDERSON and ACTON & ACTON, for defendants in error.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

1. EQUITY, § 538*—*when discretion of court in passing on motion to set aside decree by default not disturbed.* A motion to set aside a decree entered by default is addressed to the sound legal discretion of the court, which will not be interfered with on appeal unless it appears to have been wrongfully and oppressively exercised.

2. EQUITY, § 538*—*when motion to set aside default decree properly overruled.* Where an answer does not accompany a motion to set aside a decree entered by default, it is not an abuse of discretion to overrule the motion.

3. EQUITY, § 538*—*when not abuse of discretion to overrule motion to set aside default decree.* Where no attempt is made for nearly 2 years to have the court pass upon a motion made to set aside a decree entered by default which is not accompanied by an answer, it is not an abuse of discretion to overrule such motion.

---

### The People of the State of Illinois, Defendant in Error, v. John A. Phares, Plaintiff in Error.

#### (Not to be reported in full.)

Error to the County Court of De Witt county; the Hon. FREDERICK C. HILL, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed October 11, 1917.

### Statement of the Case.

Information by the People of the State of Illinois, plaintiff, against John A. Phares, defendant, charging

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

defendant with the unlawful sale of intoxicating liquors in anti-saloon territory and with keeping a common nuisance in anti-saloon territory. To reverse a judgment finding him guilty of unlawfully selling intoxicating liquors in anti-saloon territory, defendant prosecutes this writ of error.

A. F. MILLER, FRANK K. LEMON and EDWARD J. SWEENEY, for plaintiff in error.

EDWARD J. BRUNDAGE, ARTHUR R. ROY and GROVER C. HOFF, for defendant in error.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. JURY, § 80*—*what is not improper examination of juror in criminal case.* On an information charging the unlawful sale of intoxicating liquors in anti-saloon territory, an examination of a juror by the State's Attorney which first states the substance of the statute under which the information is brought and then asks the juror, in substance, whether he would recognize that principle of law if, under the evidence, the case should be a proper one in which to apply the law, is not objectionable, especially where no showing is made that any juror was prejudiced thereby or that the peremptory challenges of defendant had been exhausted when the question was asked.

2. CRIMINAL LAW, § 147*—*when question on cross-examination improper as calling for conclusion of witness.* On an information charging the unlawful sale of intoxicating liquors in anti-saloon territory, an objection is properly sustained to the question put by defendant on his cross-examination of a witness, as to whether the witness ordered or bought the beer from defendant, as such question called for a conclusion of fact which was for the jury to determine.

3. INTOXICATING LIQUORS, § 151*—*when evidence sustains conviction for illegal sale in anti-saloon territory.* On an information charging the unlawful sale of intoxicating liquors in anti-saloon territory, evidence *held* sufficient to support a conviction.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.